IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:19-CR-00375-PSH
                                       4:21-CV-00099-PSH

JERRY SMITH

### ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 10) is DENIED.  His Motion for Extension of Time to File Petition (Doc. No. 9) is MOOT.

**I.    BACKGROUND**

On October 16, 2019, Petitioner pled guilty to possession of a prohibited object (cell phone) in prison.[1] He was sentenced to seven months in prison the same day.[2] He did not appeal.

Petitioner argues (1) that he was subjected to "unlawful double counting" because he lost 263 days of good time credit and was sentenced to seven months; and (2) there are different dates in the incident report.

**II.   DISCUSSION**

First, the "double counting argument" is appropriate for direct appeal, not a collateral attack.  Second, the argument is without merit, since "prison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts."[3]

---

[1] Doc. No. 5.

[2] Doc. No. 6.

[3] *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases).

1

Petitioner also alleges there are different dates in the administrative report, in violation of BOP policy. A habeas petition is not the proper avenue to make this claim. Petitioner seems to realize this, since he already made the argument to the BOP, and was denied. Additionally, Defendant pled guilty to the charge, and has not shown how he was prejudiced by there being different dates in the report.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 10) is DENIED. The Motion for Extension of Time to File Petition (Doc. No. 9) is MOOT.

IT IS SO ORDERED this 9th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE